IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-02431-ZLW-CBS

MARKEITH BOYD,
    Plaintiff,
v.

STEPHEN J. T'KACH, Associate Director, Office of Enforcement Operations,
JANET RENO, Former Attorney General, U.S. Dept. of Justice,
TRACEY HENDRICKS, CIMS Coordinator, U.S. Bureau of Prisons,
MS. LLEWELLYN, Case Manager Coordinator, FCI Englewood,
    Defendants.
_____

RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Defendant Llewellyn's Motion to Dismiss & Change Venue on Remaining Claims" (filed December 23, 2002) (doc. # 114). Pursuant to Pursuant to the Order of Reference dated November 22, 2006 (doc. # 143) and the Minute Order dated November 22, 2006 (doc. # 144), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, Plaintiff's "Motion in Opposition" [Response] (filed January 23, 2003) (doc. # 118), the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    In 1992, Boyd was a state prisoner in New York. Following an attempt on his life on or about September 7, 1992, Boyd was transferred to federal custody pursuant to

the Witness Relocation and Protection Act ("the Program"), 18 U.S.C. § 3521.  In November 1999, Boyd was removed from the Program based on violations of Program guidelines and Bureau of Prison rules and disruptive behavior.  Boyd's administrative appeal of his removal was denied.  When Boyd initiated this lawsuit on December 20, 1999, he was incarcerated at the Federal Correctional Institution at Englewood, Colorado.  Upon transfer from the Program, Boyd was returned to state custody.  Boyd is currently incarcerated in the State of New York.

Boyd initially filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody, seeking an order to place him back in the Program.  (*See* doc. # 2).  On September 7, 2001, the district court dismissed two of Boyd's claims for lack of subject matter jurisdiction.  The court further determined that Boyd's remaining claims were not properly pled as a § 2241 habeas action and directed Boyd to file an amended civil rights complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and to provide the necessary details for his claims.  (*See* doc. # 68).

On or about June 11, 2002, Boyd tendered an amended complaint.  On June 12, 2002, the district court again ordered Boyd to file an amended complaint.  (*See* "Order Directing Plaintiff to File Amended Complaint" (doc. # 86) at p. 3 ("Mr. Boyd will be ordered to file an Amended Complaint that states an affirmative link between the alleged constitutional violation and each named Defendant's participation, control or direction, or failure to supervise")).  On June 28, 2002, the district court permitted Boyd up to and including July 31, 2002 to file his Amended Complaint.  (*See* doc. # 90).

Boyd's Amended Complaint was filed on July 29, 2002.  (*See* doc. # 92).

On November 26, 2002, the district court ordered that this civil action would proceed only on Claims One and Two of Boyd's Amended Complaint.  (*See* "Order to Dismiss in Part and to direct Defendants to Respond in Part" (doc. # 105)).  The district court dismissed Defendant John Ashcroft and ordered only Defendants T'Kach, Reno, Hendricks, and Llewellyn to respond to the Amended Complaint.  (*See id.* at pp. 4-5).  Also on November 26, 2002, the district court ordered service of "a copy of the complaint, summons, order granting leave to proceed pursuant to 28 U.S.C. § 1915, and all other orders upon Defendants."  (*See* doc. # 104).

The U.S. Attorney's Office for the District of Colorado acknowledged receipt of notice of this civil action on November 27, 2002.  (*See* doc. # 106).  On or about December 2, 2002, Defendants T'Kach, Reno, and Hendricks were notified of this civil action by certified mail.  (*See* docs. # 107, # 108, and # 111).  Defendant Llewellyn filed a Waiver of Service of Summons and Complaint on December 11, 2002 and on December 19, 2002.  (*See* docs. # 112 and # 113).

Two claims remain in Boyd's Amended Complaint: (1) that Defendants T'Kach, Reno, and Hendricks terminated him from the Program in retaliation "for exercising his right to seek redress of his grievances, . . . ;"  and (2) that Defendant Llewellyn "illegally and unconstitutionally searched my personal and legal property, . . . specifically in retaliation for exercising a constitutionally protected right to seek redress of my grievances" and "conspired with Defendants T'Kach, Reno, Hendricks, and/or John Doe, and Jane Doe to have me terminated from" the Program.  (*See* Amended

Complaint (doc. # 92) at pp. 3, 4, 5).

Defendant Llewellyn has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this civil action against her for failure to state a claim upon which relief may be granted. Llewellyn argues that Boyd failed to exhaust the required administrative remedies, that she is entitled to qualified immunity, and that Boyd has failed to state a claim for retaliation. (*See* doc. # 114). Llewellyn further moves for any remaining claims to be transferred to the venue of the United States District Court for the District of Columbia. (*See id.* at p. 8).

II.     Standard of Review

"A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001) (quotations and citations omitted). In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Hunt v. Uphoff,* 199 F.3d 1220, 1223 (10th Cir. 1999) Further, the court "must liberally construe the allegations of a pro se complaint." *Hunt v. Uphoff,* 199 F.3d at 1223 (citation omitted).

When defendants raise qualified immunity in a Rule 12(b)(6) motion to dismiss, "the plaintiff must carry the burden of establishing that the defendant[s] violated clearly established law.*" Lybrook v. Members of the Farmington Municipal Schools Bd. of*

*Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000).  To meet this burden, Boyd must "identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant[s'] conduct violated that right."  *Id.* (quoting *Breidenbach v. Bolish*, 126 F.3d 1288,1291 (10th Cir. 1997)).

III.     Analysis

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001).  "To establish a *Bivens* cause of action, a party must have some evidence to support finding that [a] federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff."  *Hron v. Jenkins*, 15 F. Supp. 2d 1082, 1085 (D. Kan. 1998) (citing *Bivens,* 403 U.S. at 388).  "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity."  *Malesko*, 534 U.S. at 72.  *See also Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity . . .").

Boyd alleges that Defendant Llewellyn "illegally and unconstitutionally searched my personal and legal property, . . . specifically in retaliation for exercising a constitutionally protected right to seek redress of my grievances," in violation of his First Amendment rights.  (*See* Amended Complaint (doc. # 92) at pp. 3, 4, 5; *see also*

5

superseded Amended Complaint (doc. # 88) at p. 3, Claim II).  "[G]overnment action which chills constitutionally protected speech or expression contravenes the First Amendment."  *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996).  *See also Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990) ("It is also one aspect of the First Amendment right to petition the government for redress of grievances");  *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir.1989) (holding that retaliation for filing lawsuits and administrative grievances "violates both the inmate's right of access to the courts and the inmate's First Amendment rights").  Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted).  Nevertheless, "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has engaged in protected activity."  *Peterson*, 149 F.3d at 1144.  "[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place."  *Peterson*, 149 F.3d at 1144 (internal quotation marks and citation omitted).  *See also Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) ("ultimate question is whether events would have transpired differently absent the retaliatory motive") (citation omitted).

"To state a valid claim for retaliation under [*Bivens*, 403 U.S. at 388], a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act,

6

and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citation omitted). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). *See also Jones*, 188 F.3d at 325 ("Mere conclusionary [sic] allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim") (citation omitted). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. The prisoner must "allege a chronology of events from which retaliation may plausibly be inferred." *Jones*, 188 F.3d at 325 (citation omitted).

Boyd's allegations are too vague and conclusory to state a cognizable *Bivens* claim for unconstitutional retaliation against Llewellyn. Boyd has not alleged adequate facts to support his allegations. Boyd has not alleged the dates that he filed his complaints about "prison staff abuses" or the date that his personal and legal property was searched. (*See* original Complaint (doc. # 2 (*under seal*)); Amended Complaint (doc. # 88); Amended Complaint (doc. # 92)). Thus, Boyd has not alleged any temporal relationship between his alleged complaints and the search of his personal and legal property.

From the relevant time to the present, Bureau of Prisons policy permitted prison staff to "search an inmate's housing and work area, and personal items contained within those areas, without notice to or prior approval from the inmate and without the inmate's presence." 28 C.F.R. § 552.14. Boyd has not alleged any connection

7

between his complaints and the search conducted by Llewellyn and other unnamed officers. He has not alleged that Llewellyn had any knowledge of his complaints.

Boyd's claim is based on nothing more than his personal belief and conclusory allegations. Boyd has not set forth any "chronology of events from which retaliation may plausibly be inferred." *Jones*, 188 F.3d at 325 (citation omitted). As Boyd has failed to adequately allege that his grievances were the "but for" cause of the search of his personal and legal property, Boyd fails to state a claim against Llewellyn for retaliation based on the exercise of a constitutional right. *See Peterson*, 149 F.3d at 1144. *See also Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) ("A complaint that contains only conclusory allegations of a deprivation of a constitutional right and thus fails to supply a sufficient factual basis to allow defendants to intelligently prepare a defense fails to state a cause of action and must be dismissed") (citations omitted).

Boyd further alleges conspiracy by Llewellyn under *Bivens*. Boyd's only allegation of conspiracy by Llewellyn is that Llewellyn "conspired with Defendants T'Kach, Reno, Hendricks, and/or John Doe, and Jane Doe to have me terminated from" the Program. (*See* Amended Complaint (doc. # 92) at p. 3; original Complaint (doc. # 2 (*under seal*)); Amended Complaint (doc. # 88)).

"A claim of conspiracy requires plaintiff demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the defendants." *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (citation omitted). "[C]onspiracy can be shown by a sequence of events from which a reasonable jury could infer there was a meeting of the minds." *Merritt*, 153 F. Supp. 2d at 1225 (citation omitted).

8

"However, conclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient." *Merritt*, 153 F. Supp. 2d at 1225 (quoting *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo.1998).

Boyd provides no allegation of conspiracy by Llewellyn other than "said defendants conspired with Defendants T'Kach, Reno, Hendricks, and/or John Doe, and Jane Doe to have me terminated from the WSP . . . ." (*See* Amended Complaint (doc. # 92) at p. 3). Whether Boyd is alleging conspiracy under 42 U.S.C. § 1985 or outside of the § 1985 context, his single conclusory allegation is not sufficient to state a claim. Boyd has failed to allege facts sufficient to suggest the existence of any of the elements of a conspiracy. *See, e.g.*, *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (civil conspiracy defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an overt act that results in damage") (internal quotation marks and citation omitted).

In sum, Boyd's Claim Two against Defendant Llewellyn is properly dismissed.

Accordingly, **IT IS RECOMMENDED** that "Defendant Llewellyn's Motion to Dismiss & Change Venue on Remaining Claims" (filed December 23, 2002) (doc. # 114) be GRANTED IN PART and that Defendant Llewellyn and Boyd's Claim Two be dismissed from this civil action.

Further, **IT IS ORDERED** that:

1.      The status conference remains scheduled on **Tuesday January 9, 2007 at 8:30 a.m. (Mountain Time)** in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294.

2.      **Boyd and/or his case manager shall arrange for his participation via telephone and shall call (303) 844-2117 at the scheduled time.**

3.      A representative of the Denver U.S. Attorney's Office shall appear in person at the status conference.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of December, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge