IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-02431-ZLW-CBS

MARKEITH BOYD,
    Plaintiff,
v.

STEPHEN J. T'KACH, Associate Director, Office of Enforcement Operations,
JANET RENO, Former Attorney General, U.S. Dept. of Justice,
TRACEY HENDRICKS, CIMS Coordinator, U.S. Bureau of Prisons,
MS. LLEWELLYN, Case Manager Coordinator, FCI Englewood,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Boyd's letter dated February 26, 2007 (doc. # 162), indicating that he wishes to continue to prosecute Defendant Janet Reno. Pursuant to the Order of Reference dated November 22, 2006 (doc. # 143), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . ." The court has reviewed Mr. Boyd's letter, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Boyd is currently incarcerated and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* June 12, 2002 "Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915" (doc. # 87)). On November 26, 2002, the District Judge directed Defendants Stephen J. T'Kach, Janet Reno, Tracey Hendricks, and Ms. Llewellyn to respond to Mr. Boyd's Amended Complaint (doc. # 92). (*See* "Order to Dismiss in Part and to Direct Defendants to Respond in Part" (doc. # 105)). On December 19, 2002, Ms. Llewellyn filed a "Waiver of Service of Summons and Complaint" (doc. # 113). (*See also* doc. # 112 ("Waiver of Service of Summons and Complaint" executed by Ms. Llewellyn)). On December 23, 2002, Ms. Llewellyn filed her Motion to Dismiss and Change Venue

(doc. # 114). Currently pending is a Recommendation of United States Magistrate Judge to dismiss Ms. Llewellyn from this action.

Return receipts for certified mail sent to Stephen J. T'Kach, Tracey Hendricks, and Janet Reno were filed with the court on December 5, 2002 and December 11, 2002. (*See* docs. # 107, #108, and # 111). Defense counsel has correctly argued that return receipts for certified mail do not constitute proper service on Defendants T'Kach, Hendricks, and Reno under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(i)(2)(B). On January 16, 2007, defense counsel provided the court a current address for Defendant Hendricks. (*See* doc. # 157). Defense counsel also provided by confidential letter to the court "[t]he work address for defendant Stephen J. T'Kach. . . ." Defendant Reno is no longer employed as the United States Attorney General and can no longer be served at the Department of Justice. Defense counsel has represented that he does not know Defendant Reno's current address. Thus, the court does not have an address at which Defendant Reno can be served.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than three years has passed since the filing of the Amended Complaint and the record before the court indicates that Defendant Reno has not been served with a summons and complaint in this action. To date, Defendant Reno has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

While an incarcerated plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication in this case

that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendant Reno.  The court need not require the U.S. Marshal or the Clerk of the Court to search for Defendant Reno's address.  If Mr. Boyd does not provide an address at which Defendant Reno can be served, the court may dismiss Defendant Reno from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C.COLO. LR 41.1 for failure to prosecute.  Accordingly,

**IT IS ORDERED that on or before March 19, 2007, Mr. Boyd shall provide to the court an address at which Defendant Reno can be served.**  Mr. Boyd is hereby notified that failure to comply with this Order may result in a recommendation to District Judge Weinshienk to dismiss Defendant Reno.

DATED at Denver, Colorado, this 27th day of February, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge