IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 99-cv-02431-ZLW-CBS

MARKEITH BOYD,

    Plaintiff,

v.

STEPHEN J. T'KACH, Associate Director, Office of Enforcement Operations,
JANET RENO, Former Attorney General, U.S. Dept. of Justice,
TRACEY HENDRICKS, CIMS Coordinator, U.S. Bureau of Prisons,
MS. LLEWELLYN, Case Manager Coordinator, FCI Englewood,

    Defendants.

_____

**ORDER**
_____

The matter before the Court is Defendant Lewellyn's[1] Motion To Dismiss And Change Venue On Remaining Claims (Doc. No. 114).  This motion was referred to Magistrate Judge Craig B. Shaffer pursuant to D.C.COLO.LCivR 72.1C.  On December 7, 2006, the Magistrate Judge issued his Recommendation that Claim Two, a Bivens[2] retaliation and conspiracy action against Lewellyn, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  Plaintiff

---

[1] The Court notes Defendant's last name is spelled "Llewellyn" by Plaintiff in his Complaint but is spelled "Lewellyn" by Defendant on the Waiver Of Service Of Summons And Complaint (Doc. No. 112, Dec. 12, 2002) and in her Motion To Dismiss (Doc. No. 114; Dec. 23, 2002).  The Court will use Defendant's spelling in this order.

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

timely filed objections to the Recommendation.[3]  As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court has reviewed de novo the portions of the Recommendation to which Plaintiff objected.  The Court overrules these objections and adopts the Recommendation in its entirety.

Plaintiff argues that summary judgment on Claim Two is inappropriate as the facts, taken in the light most favorable to him, indicate Lewellyn illegally searched his prison cell.  While, Plaintiff admits that Bureau of Prisons (BOP) regulations allow prison staff to search his cell without his approval,[4] he claims that Lewellyn was not "security or correctional staff" but instead a "civilian employee" and thus was not entitled to search.

"Staff may search an inmate's housing and work area, and personal items contained within those areas, without notice to or prior approval from the inmate and without the inmate's presence."[5]  "Staff" is defined, in part, as "any employee of the Bureau of Prisons."[6]  Plaintiff, in his Complaint, admits that Lewellyn was employed by the BOP: "[Ms. Lewellyn] was acting under color of Federal law at time claims arose, in that *she was employed by the U.S. Bureau of Prisons*, in Colorado."[7]  By Plaintiff's own

---

[3]Lewellyn did not file a response to Plaintiff's objections.

[4]P.'s Objections to Recommendation & Order of U.S. Magistrate Judge (P.'s Objections), at 3 (Doc. No. 148; Dec. 19, 2006); 28 C.F.R. § 552.14 (1990).

[5]28 C.F.R. § 552.14.

[6]28 C.F.R. § 500.1 (1990).

[7]Amended Complaint, at 3 (Doc. No. 92; Jul. 29, 2002) (emphasis added).

admission, Lewellyn, as an employee of the BOP, was authorized to search his cell.  To the extent Plaintiff's objections rely on this "civilian employee" argument, these objections are overruled.

Plaintiff can thus not rely on the fact his cell was searched to maintain his claim. Instead, Plaintiff must "allege a chronology of events from which retaliation may plausibly be inferred" for his claim to survive dismissal.[8]  Plaintiff objects to the Magistrate Judge's conclusion that he has not adequately pled facts in the Complaint to support his claim.

As to his retaliation claim, Plaintiff argues that he has provided sufficient exhibits "indicat[ing] the dates of the 'prison staff abuses'" which adequately demonstrate the basis of his constitutional violation allegations.[9]  Review of the Complaint by this Court indicates Plaintiff has not provided any evidence linking Lewellyn to the claim via either specific dates or activities.  The Court agrees that to the extent this information is not apparent on the face of the Complaint, it was Plaintiff's duty to bring this information to the Court's attention.[10]

As to his conspiracy claim, Plaintiff cites Merritt v. Hawk for the proposition that "conspiracy can be shown by a sequence of events from which a reasonable jury could

---

[8]Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citation omitted).

[9]P.'s Objections, at 2.

[10]Roska v. Peterson, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (judges should "not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury") (quotations omitted); U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("[j]udges are not like pigs, hunting for truffles buried in briefs").

infer there was a meeting of the minds."[11]  However, Plaintiff neglects the very next sentence in Merritt: "conclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient."[12]  The Court agrees that Plaintiff's Complaint contains only conclusory assertions without the corresponding factual allegations needed to constitute a well-pled claim.[13]

Plaintiff filed a letter with additional exhibits on January 4, 2007 (Doc. No. 152), that purportedly provides the factual details necessary to maintain his action. Notwithstanding that this information does not appear in the Complaint and therefore can not be used to defeat a motion to dismiss,[14] and that this letter was received well after the ten day deadline for filing objections to the Recommendation,[15] the Court finds nothing in the letter references Lewellyn at all, let alone implicates her of retaliation or connects her to a conspiracy.

---

[11] Merritt v. Hawk, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001).

[12] Id. (citing Aniniba v. City of Aurora, 994 F. Supp. 1293, 1298 (D. Colo. 1998)).

[13] See Baker v. Smith, 771 F. Supp. 1156, 1158 (D. Kan. 1991) ("[a] complaint that contains only conclusory allegations of a deprivation of a constitutional right and that fails to supply a sufficient factual basis to allow defendants to intelligently prepare a defense fails to state a cause of action and must be dismissed").

[14] See Bell v. Fur Breeders Agric. Co-op., 348 F.3d 1224, 1230 (10th Cir. 2003) ("[i]n deciding a motion to dismiss under Rule 12(b)(6), the federal courts generally 'should not look beyond the confines of the complaint itself'" (citing MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002))).

[15] See 28 U.S.C. § 636(b)(1).

Finally, Plaintiff asks that to the extent he failed to identify specific dates or incidents necessary to maintain his claim that he should be allowed to conduct discovery in order to determine this information. However, "a party 'may not use discovery as a fishing expedition.'"[16]

> When . . . a plaintiff brings an initial action without any factual basis evincing specific misconduct by [a] defendant[ ] and then bases . . . discovery requests upon conclusory allegations in the hope of finding the necessary evidence of misconduct, that plaintiff abuses the judicial process.[17]

Without sufficient facts alleged in the Complaint to support a claim, that claim must be dismissed and discovery is not available to Plaintiff.

After reviewing the evidence, objections, and applicable case law, the Court is satisfied that the Magistrate Judge's Recommendation is thorough, thoughtful, and correct. Therefore, the Recommendation of the Magistrate Judge (Doc. No. 147) is accepted and adopted. Accordingly, it is

ORDERED that Plaintiff's Objections To Recommendation & Order Of U.S. Magistrate Judge (Doc. No. 148) are overruled. It is

FURTHER ORDERED that Defendant's Motion To Dismiss (Doc. No. 114) is granted. It is

---

[16] Martinez v. True, 128 F. App'x 714, 715 (10th Cir. 2005) (citing Anthony v. United States, 667 F.2d 870, 880 (10th Cir. 1981)).

[17] Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1169 (10th Cir. 2000).

FURTHER ORDERED that Defendant's Motion To . . . Change Venue on Remaining Claims is denied.

FURTHER ORDERED that Claim Two is dismissed for failure to state a claim upon which relief can be granted. It is

FURTHER ORDERED that Defendant Ms. Lllewellyn (Deanna Avila-Lewellyn) be dismissed from the action and her name be removed from the case caption.

DATED at Denver, Colorado, this   1   day of March, 2007.

BY THE COURT:

_____

ZITA L. WEINSHIENK, Senior Judge
United States District Court