IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 99-cv-02431-ZLW-CBS

MARKEITH BOYD,

    Plaintiff,

v.

STEPHEN J. T'KACH, Associate Director, Office of Enforcement Operations, and
TRACEY HENDRICKS, CIMS Coordinator, U.S. Bureau of Prisons,

    Defendants.

---

## ORDER OF DISMISSAL

---

The matter before the Court is Defendants' Motion To Dismiss. Pursuant to D.C.COLO.LCivR 72.1, this matter was referred to Magistrate Judge Craig B. Shaffer, who issued a Recommendation on September 28, 2007, recommending that the motion to dismiss be granted and that this action be dismissed with prejudice. Plaintiff filed an Objection To Recommendation on October 15, 2007. The Court reviews the Magistrate Judge Recommendation *de novo*.[1] The court has construed Plaintiff's pleadings liberally because he is representing himself *pro se.*[2]

In 1992, Plaintiff was a state prisoner in New York. In September of that year, following an attempt on his life, Plaintiff voluntarily enrolled in the Witness Security Program (Program) pursuant to the Witness Relocation and Protection Act (WRPA),[3]

---

[1] See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] See Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

[3] 18 U.S.C. § 3521.

and was transferred to federal custody.  In November 1999, while Plaintiff was a prisoner at the Federal Correctional Institution in Englewood, Colorado, Defendant Stephen J. T'Kach, Associate Director of the U.S. Department of Justice, Criminal Division, Office of Enforcement Operations located in Washington, D.C., informed Plaintiff by letter that Plaintiff was being terminated from the Program due to Plaintiff's violation of Bureau of Prisons rules and Program guidelines.  Plaintiff then was returned to state custody in New York, where he remains incarcerated.  The sole remaining claim in this case alleges that Defendant T'Kach and Defendant Tracey Hendricks (now Tracey Lee), an employee of the Bureau of Prisons located in Washington, D.C., terminated Boyd from the program in retaliation for Plaintiff's "exercising his right to seek redress of his grievances, . . . and conspired . . . to have [him] removed from [the Program] . . ."[4] in violation of Plaintiff's constitutional right to due process.

The Magistrate Judge recommended that the remaining claim in this case be dismissed based, in part, on lack of personal jurisdiction over Defendants T'Kach and Hendricks.  In applying the doctrine of specific personal jurisdiction,[5] the Court makes a two-step inquiry.  First, the Court asks whether the nonresident defendant has minimum contacts with the forum state such that he or she should reasonably anticipate being haled into court there.[6]  "A defendant may reasonably anticipate being subject to suit in

---

[4]Amended Complaint at 3.

[5]There is no indication that the "continuous and systematic" contacts required to establish general personal jurisdiction exist in this case.

[6]TH Agriculture & Nutrition, LLC v. ACE European Group Ltd., 488 F.3d 1282, 1287 (10th Cir. 2007) (internal quotations and citations omitted).

2

the forum state if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from activities that arise out of or relate to those activities."[7] The defendant must have engaged in activities that create a "substantial connection to the forum state."[8] Second, if there are minimum contacts, then the Court inquires as to whether the "exercise of personal jurisdiction offends traditional notions of fair play and substantial justice."[9]

The plaintiff has the burden of proving that personal jurisdiction exists.[10] However, where, as here, the Court determines a motion to dismiss based on lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.[11] In deciding whether the plaintiff has made such a showing, the Court resolves all factual disputes in the plaintiff's favor.[12]

The Amended Complaint does not allege or demonstrate that Defendants, neither of whom reside in Colorado, had the requisite minimum contacts with Colorado. Plaintiff argues in his briefing that while Defendants "may not have been actual 'residents' of Colorado, their meaningful contact with the District of Colorado was via their positions within the federal BOP and it's [sic] connection with the U.S. Marshal's

---

[7] Id. (internal quotations and citations omitted).

[8] OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1092 (10th Cir. 1998).

[9] TH Agriculture, 488 F.3d at 1287 (internal quotations and citation omitted).

[10] Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

[11] TH Agriculture, 488 F.3d at 1286.

[12] Id.

3

Witness program, where [Plaintiff] was a participant."[13] However, "[employees'] contacts with [a forum] are not to be judged according to their employer's activities there . . . . Each defendant's contacts with the forum State must be assessed individually."[14] Although Plaintiff points to a memo forwarding a letter from Plaintiff to Defendant T'Kach in November 1998, a letter from Defendant T'Kach's Washington, D.C. office (but not from Defendant T'Kach himself) to Plaintiff in October 1998, and Defendant T'Kach's November 1999 termination letter to Plaintiff,[15] none of this evidence indicates that Defendants purposefully availed themselves of the privilege of conducting activities in the state of Colorado. Plaintiff argues that "[i]f [Defendants] had the authority to terminate plaintiff while he was held in Colorado, how can they not be subject to personal jurisdiction?"[16] However, the fortuitous fact that Plaintiff happened to be incarcerated in Colorado when he was terminated from the Program does not automatically subject those who allegedly terminated him to personal jurisdiction in Colorado.[17] There is no *per se* rule that an allegation of an injury to a forum resident, without more, creates personal jurisdiction.[18] The Court agrees with the Magistrate

---

[13]Plaintiff's Motion In Opposition To Dismissal (Doc. No. 185) at 5.

[14]Calder v. Jones, 465 U.S. 783, 790 (1984).

[15]Plaintiff's Motion In Opposition To Dismissal (Doc. No. 185), Ex. B.

[16]Plaintiff's Objections To Report And Recommendation Of Magistrate Judge (Doc. No. 187) at 8.

[17]See National Business Brokers, Ltd. v. Jim Williamson Productions, Inc., 2001 WL 912796, * 4 (10th Cir.) ([B]eyond the fortuitous fact that [the plaintiff's] business was located in Colorado, Colorado had no specific relationship to [the parties' transactions]. As a result, [Defendants] do not have sufficient minimum contacts with the State of Colorado to support personal jurisdiction under federal law.").

[18]See Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1078 (10th Cir. 1995).

4

Judge that Defendants are not subject to personal jurisdiction in Colorado in this case, and that the action properly is dismissed on that basis. The Court therefore does not reach the issue of whether the action is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Further, while it is not entirely clear from the record in this case,[19] it appears that Defendants John Doe (1-3) and Jane Doe (1-3), named in the Amended Complaint, have never been identified, served, or dismissed. Accordingly, Plaintiff will be ordered to show cause why said Defendants should not be dismissed from this action pursuant to Fed. R. Civ. P. 4(m) for failure to timely effect service, as set forth below.

Accordingly, it is

ORDERED that Plaintiff's Objections To Report And Recommendation Of Magistrate Judge (Doc. No. 187) are overruled. It is

FURTHER ORDERED that Defendants' Motion To Dismiss (Doc. No. 178) is granted. It is

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed with prejudice against remaining Defendants Stephen J. T'Kach and Tracey Hendricks. It is

---

[19] It appears that the Doe Defendants have not been listed on the case caption since late 2006. See Doc. No. 144.

5

FURTHER ORDERED that Plaintiff shall show cause in writing on or before April 21, 2008, why Defendants John Doe (1-3) and Jane Doe (1-3) should not be dismissed from this action pursuant to Fed. R. Civ. P. 4(m) for failure to timely effect service.

DATED at Denver, Colorado, this  20th  day of March, 2008.

BY THE COURT:

*s/ Zita L. Weinshienk*
_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court